# 23-705

IN THE

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

STEPHEN T. MITCHELL

Plaintiff-Appellant,

-against-

THE STATE OF NEW YORK

Defendants-Appellees.

On Appeal from the United States District Court
For the Eastern District of New York

Brief of Appellant
Stephen T. Mitchell

by

Stephen T. Mitchell, Pro Se
461 Central Park West Apt. 6B
New York, N.Y. 10025
stm7615@aol.com

# TABLE OF CONTENTS

Page(s)

Table of Contents                                   i

Table of Cases                                      ii-iv

Jurisdictional Statement                            1

Statement of the Issues                             2

Statement of the Case                               3-13

Summary of the Argument                             13-14

Argument                                            14-24

Conclusion
                                                    24

TABLE OF AUTHORITIES

### Table of Cases

|  | Page(s) |
|---|---|
| Arizona v. Youngblood, 488 U.S. 51 (1988) | 10 |
| Avitabile v. Beach, 277 F.Supp 3d 326 (NDNY 2017) | 23 |
| Brady v. Maryland, 373 U.S. 83 (1963) | 10 |
| Chapman v. Fais, 540 F. Supp. 3d 304 (E.D.N.Y. 2021) | |
| Chambers v. Mississippi, 410 U.S. 284 (1973) | 12 |
| Crane v. Kentucky, 476 U.S.683 (1986) | 8, 9, 10, 12, 17, 18 |
| Cupp v. Naughten, 414 U.S. 141 (1973) | 9, 17 |
| Evans v. Kirkpatrick, 2009 U.S. LEXIS 88323 (W.D.N.Y. September 24, 2009) | |
| Ex parte Virginia, 100 U.S. 339 (1880) | 18 |
| Davis v. Alaska, 415 U.S.308 (1974) | 8, 9, 12, 17, 18 |
| Delaware v. Van Arsdall, 475 U.S. 673 (1986) | 8, 9, 12, 17, 18 |
| Ex Parte Young, 209 U.S. 123 (1908) | 23 |
| Fuentes v. Griffin, 829 F.3d 233 (2d Cir. 2016) | 3, 12, 14, 21 |
| Gomez v. Toledo, 446 U.S. 635 (1980) | 19 |
| Gordon v. Poole, 2008 U.S. Dist. LEXIS 1655 (W.D.N.Y. January 9, 2008) | |
| Heck v. Humphrey, 512 U.S. 477 (1994) | 16, 19, 20, 21, 22 |
| Houston v. Partee, 978 F.2d 362 (7th Cir. 1992) | 23 |
| Howard v. Walker, 406 F.3d 114 (2d Cir. 2005) | 12 |
| Huang v. Johnson, 251 F.3d 65 (2d Cir. 2001) | 3, 12, 14, 15, 16, 21, 22, 23 |
| Imbler v. Pachtman, 424 U.S. 409 (1976) | 23 |
| In the Matter of Charles Brown, Index No. 107103-99 (Kings County Supreme Court Feb.24, 2010) | 7, 17 |

In re Oliver, 333 U.S.257 (1948)                                    9, 12

Jeanty v. City of Utica, 2017 U.S. Dist. LEXIS 218307 (N.D.N.Y. 2017)

Jenkins v. Artuz, 294 F.3d 284 (2d Cir. 2002)              3, 12, 14, 21, 23

Jenkins v. Haubert, 179 F.3d 19 (2d Cir. 1999)            3, 12, 15, 21, 22

J.S. ex rel. N.S. v. Attica Cent. Sch.,
386 F.3d 107, 110 (2d Cir.2004))                                        16

Kentucky  v. Stincer, 482 U.S. 730 (1987)                               9

Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002)                      22

Kyles v. Whitley, 514 U.S. 419 (1995)                                   12

Leather v. Ten Eyck, 180 F.3d 420 (2d Cir. 1999)

Leka v. Portuondo, 257 F.3d 89 (2d Cir. 2001)                          19

Maleng v. Cook, 490 U.S. 488 (1989)                                    15

Matter of Frank, 283 N.Y. 106 (1940)                       7, 8, 17, 23, 24

Matter of Glener, 202 A.D.2d 503 (2 Dept.1994)                   7, 8, 17

Mitchum v. Foster, 407 U.S. 225 (1972)                                 18

Monell v. Dept of Social Services, 436 U.S. 658 (1978)                 19

Napue v. Illinois, 360 U.S. 264 (1959)               8, 11, 14, 18, 19, 23

Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004)

People v. Chesler, 50 N.Y.2d 203 (1980)                                 6

People v. Mitchell, 188 A.D.3d 1101 (2 Dept. 2020)                 8, 17, 18

People v. Ricchiuti, 93 A.D.2d 842 (2 Dept. 1983)                       6

People v. Singer, 44 N.Y.2d 241 (1978)

People v. Watts, 57 N.Y.2d 299 (1982)                                9, 17

People v. Zona, 14 N.Y.3d 488 (2010)                                    6

Pointer v. Texas, 380 U.S.400 (1965)                           8, 12, 17, 18

Prieser v. Rodriguez, 411 U.S. 475 (1973)     15

Redner v. Dean, 29 F.3d 1495 (11th Cir. 1994)     21

Pennsylvania v. Ritchie, 480 U.S. 39 (1987)     9

Spencer v. Kemna, 523 U.S. 1 (1998)     3, 16, 21, 22

Teichmann v. New York, 769 F.3d 821 (2d Cir. 2014)     3, 12, 14, 15, 16, 21, 22

Tiraco v. NewYork State Bd. of Elections,
963 F. Supp. 2d 184 (E.D.N.Y. 2013)     16

United States v. Lovasco, 431 U.S. 783 (1977)     10

United States v. Marion, 404 U.S. 307 (1971)     10

Vega v. Schneiderman, 861 F.3d 72 (2d Cir. 2017)     15

Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999)     7, 8, 17, 23, 24

Washington v. Texas, 388 U.S. 14 (1967)     9

Wyatt v. Cole, 504 U.S. 158 (1992)     18

United States Constitution

Sixth Amendment

Fourteenth Amendment

Federal Statutes

28 U.S.C. §2254
42 U.S.C. §1983

The Rules Governing Section 2254 Cases

Federal Rules of Civil Procedure

Rule 12

New York Statutes

New York Estates, Powers, and Trust Law §11-1.1(b)(13) and (22)

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

(i)     The United States District Court for the Eastern District of New York had subject matter jurisdiction over the federal claims in this case pursuant to 28 U.S.C. §§1331 and 1343 because the lawsuit alleges violations of 42 U.S.C. §1983.

(ii)    The United States Court of Appeals for the Second Circuit has jurisdiction to hear this appeal pursuant to 28 U.S.C. §1291 and 28 U.S.C. §1292(a)(1).

(iii)   By an order of March 31, 2023 the United States District Court for the Eastern District of New York dismissed the plaintiff's complaint.

(iv)    By an order of March 31, 2023 a Clerk's Judgment issued by the Clerk of the Court for the United States District Court for the Eastern District of New York was entered for this case.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Is a person convicted in state court but no longer in state custody as a result of a conviction in state court entitled to a federal court forum pursuant to 42 U.S.C. §1983 to try to obtain relief, similar to the relief available to federal habeas petitioners pursuant to 28 U.S.C. §2254, that includes the vacating of his conviction and an order for a new trial?

Is a person convicted in state court but no longer in custody entitled to seek declaratory and injunctive relief pursuant to 42 U.S.C. §1983 to prevent the enduring use of false material testimony by a state court judge and state court prosecutors?

## STATEMENT OF THE CASE

Stephen Mitchell seeks a federal forum to redress severe federal constitutional harms unjustly inflicted upon him by New York State and Kings County New York prosecutors. This case was brought pursuant to 42 U.S.C. §1983 because federal habeas corpus no longer was available to Mr. Mitchell after leave to appeal to the New York State Court of Appeals was denied.[1] Federal habeas corpus was unavailable because Mr. Mitchell was released from state custody before the New York State Appellate Division: Second Department heard arguments for his first level of state court appeals and rendered its decision.[2]

Stephen Mitchell seeks an opportunity for relief from a federal court to the same extent he would have been entitled to as if he was able to bring his claims pursuant to 28 U.S.C. §2254. The primary relief he seeks is the vacating of his conviction and an order for a new trial within a reasonable period of time from the federal court's decision.[3] When federal habeas corpus is not available to address constitutional wrongs, 42 U.S.C. §1983 must be.[4] There is no claim for financial damages as a part of this case.

---

[1] See AP-19-90 (Amended Complaint dated April6, 2022); see also AP-244-245 (Denial of Leave to Appeal by the Court of Appeals of the State of New York dated March 31, 2021).

[2] See 28 U.S.C. §2254(a); see also 28 U.S.C. §2254(b)(1)(A); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998).

[3] See Fuentes v. Griffin, 829 F.3d 233, 253 (2d Cir. 2016); see also Jenkins v. Artuz, 294 F.3d 284, 290, 297 (2d Cir. 2002).

[4] Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001); see also Jenkins v. Haubert, 179 F.3d 19, 26-27 (2d Cir. 1999); see also Teichmann v. New York, 769 F.3d 821, 828-830 (2d Cir. 2014) (Calabresi concurring).

Stephen Mitchell was indicted pursuant to Kings County Supreme Court Indictment 4743-2010 in August 2010 for the charge of Grand Larceny in the Second Degree. He was arrested and arraigned in September 2010. Pre-trial proceedings began immediately after arraignment and continued until June 2013. The trial began in early June 2013 and continued until June 24, 2013. Mr. Mitchell was convicted of the sole charge in the indictment, Grand Larceny in the Second Degree, and was remanded immediately by the trial court after the jury verdict on June 24, 2013.

Stephen Mitchell sought to vacate the jury's verdict pursuant to New York Criminal Procedure Law §330.30 soon after the verdict. Motion practice delayed his sentencing to until May 2014. Stephen Mitchell was sentenced on May 23, 2014 to an indeterminate term of four to twelve years imprisonment.[5] He timely filed a Notice of Appeal on June 9, 2014.[6]

Mr. Mitchell perfected his appeal to the intermediate state appellate court while he was incarcerated. He remained in state prison until June 2019 when he was paroled. He was released from state parole on June 17, 2020.

The New York State Appellate Division: Second Department denied Stephen Mitchell's first level of state court appeals on November 18,

---

[5] See AP-532.
[6] See AP-6.

2020.[7] The Court of Appeals of the State of New York denied Mr. Mitchell's leave to appeal to that court on March 31, 2021.[8] Stephen Mitchell filed this case pursuant to 42 U.S.C. §1983, in lieu of filing a 28 U.S.C. §2254 petition, with the Eastern District of New York on March 31, 2022. Mr. Mitchell amended the original complaint once, as of right, on April 6, 2022.[9]

On October 5, 2022 Mr. Mitchell asked the district court if he could amend his complaint to include Eric Gonzalez, Kings County District Attorney, in his official capacity, and the Kings County District Attorney's Office. The district court refused.[10]

The district court issued an order dismissing Mr. Mitchell's federal complaint on March 31, 2023.[11] The March 31, 2023 district court order also summarily denied Mr. Mitchell's request to amend his complaint to include Eric Gonzalez, Esq., Kings County District Attorney, in his official capacity, and the Kings County District Attorney's Office as defendants.[12] The district court determined such an amendment would be futile without considering whether or not Mr. Mitchell would be entitled to declaratory and/or injunctive relief pertaining to his proposal to add Eric Gonzalez, Esq. and the Kings County District Attorney's Office in their official capacities as defendants.

---

[7] See AP-241-243.
[8] See AP-244-245.
[9] See AP-19-90.
[10] See AP-12.
[11] See AP-7-14.
[12] See AP-12.

Stephen Mitchell was subjected to some of the most serious federal constitutional harms imaginable during the prosecution of Kins County Supreme Court Indictment 4743-2010. He was the attorney for Minnie Simmons, the executor of the Charles Brown Estate. The state accused Mr. Mitchell of stealing money from the estate by depositing estate funds into his attorney trust account and then spending the money on personal expenditures for his own benefit and not for the benefit of the estate. The Kings County District Attorney's Office charged Mr. Mitchell with Larceny in the Second Degree.[13] Mr. Mitchell always has vigorously denied the charge.

The state prosecutors had a very weak case against Mr. Mitchell. They could not prove that he did not have lawful authorization to spend the money he was accused of stealing. The People presented no evidence at trial from the executor that the estate funds spent by Mr. Mitchell were not for the benefit of the estate.

The state prosecutors determined that the executor of the estate could not or would not support their indictment so instead the People illegally sought to substitute the estate's executor with a different witness to establish the lack of permission or authority component of the larceny charge.[14]

---

[13] See AP-91-94.

[14] See People v. Zona, 14 N.Y.3d 488, 493-495 (2010); People v. Chesler, 50 N.Y.2d 203, 209-210 (1980); People v. Ricchiuti, 93 A.D.2d 842, 844-845 (2 Dept. 1983).

The state elected to rely upon materially false testimony from a Kings County Supreme Court judge, Justice Michael Pesce, in support of their case against Mr. Mitchell. Justice Pesce oversaw the guardianship proceedings for Charles Brown while Mr. Brown was alive. Justice Pesce had no lawful authority to evaluate or determine the use of the Brown Estate's funds or real property.[15]

The People called Justice Pesce as a witness to falsely establish the lack of permission and authority component of the larceny charge. Justice Pesce falsely testified he had lawful authority to determine the use of property owned by the Estate of Charles Brown long after the guardianship had extinguished as a matter of law and he stated Mr. Mitchell did not have his authority to use the estate's funds.[16]

Mr. Mitchell's federal district court complaint charged that the state prosecutors violated the federal constitution because they were aware their chief witness, Justice Michael Pesce, knowingly testified falsely regarding a material issue of the case; whether or not Justice Pesce could exercise lawful authority over the affairs of the estate after

---

[15] Compare AP-103-107 (Exhibit 4) with AP-652 (Trial Record at 611); AP-700-701 (Trial Record at 1115-1116); see also New York Estates, Powers, and Trust Law §11-1.1(b)(13) and (22); Matter of Frank, 283 N.Y. 106, 110 (1940); Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999); Matter of Glener, 202 A.D.2d 503, 504 (2 Dept.1994); In the Matter of Charles Brown, Index No. 107103-99 at 2 (Kings County Supreme Court Feb.24, 2010) (Pesce, J.).

[16] Id.

the death of Charles Brown.[17] This federal constitutional violation is continuing because the People know about and have failed to correct Justice Pesce's false testimony to this day.[18]

Stephen Mitchell followed his charge regarding Justice Pesce with another asserting the state courts sought to protect Justice Pesce's mendacity by refusing to allow the defense to cross-examine Justice Pesce with evidence from the judge's own written orders in violation of the federal constitution.[19] A fair opportunity to cross-examine Justice Pesce would have given Mr. Mitchell the chance to impeach the substance of the judge's false material testimony before the jury.[20]

Mr. Mitchell also complained the state courts refused appropriately to instruct the jury and excused the state prosecutors from the requirement that they prove each element of the alleged crime beyond a reasonable doubt in violation of the Fourteenth Amendment to the federal constitution. For example, the trial court refused to charge the

---

[17] See Napue v. Illinois, 360 U.S. 264, 269-272 (1959); compare AP-103-107 (Exhibit 4) with AP-652 (Trial Record at 611); see also AP-471-476, 502-504 (Pre-trial transcription notice of Justice Pesce's lack of jurisdiction); see also AP-699 (Trial Record at 1148); AP-700-701 (Trial Record at 1115-1116).
[18] See Napue at 269-272.

[19] See AP-103-107 (Exhibit 4); AP-652 (Trial Record at 611); AP-593-594 (Trial Record at 184-185); AP-619-620 (Trial Record at 340-341); AP-694-698 (Trial Record at 1007-1011); AP-699 (Trial Record at 1148); see also Davis v. Alaska, 415 U.S.308, 315-318 (1974); Delaware v. Van Arsdall, 475 U.S. 673, 679-680,684 (1986); Crane v. Kentucky, 476 U.S.683, 690 (1986); Pointer v. Texas, 380 U.S.400, 403-408 (1965); People v. Mitchell, 188 A.D.3d 1101, 1102 (2 Dept. 2020).

[20] Compare AP-103-107 (Exhibit 4) with AP-652 (Trial Record at 611); see also Matter of Frank, 283 N.Y. 106, 110 (1940); Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999); see also Glener at 504.

jury that Justice Pesce did not have lawful jurisdictional authority to determine the use of estate funds.[21]

The federal district court complaint also sought relief from the trial court's refusal to enforce its order directing his colleague, Justice Pesce, to furnish the defense with copies of notes, memoranda, and files Justice Pesce made use of to prepare for his trial testimony.[22] These types of materials were standard disclosures that the accused was entitled to aid the defendant's cross-examination of the People's primary witness in accord with New York Criminal Procedure law and the Sixth and Fourteenth Amendments to the United States Constitution.[23]

The federal district court complaint also invoked the federal constitution to seek relief from the state prosecutors repeated withholding of material exculpatory information from the defense throughout pre-trial, trial, post-trial, and appellate proceedings in order

---

[21] See AP-517-522; AP-593-594; AP-619-620; AP-694-697; AP-699 (Trial Record at 184-185, 340-341, 1007-1010, 1148); see also New York Criminal Procedure Law §300.10(2); Cupp v. Naughten, 414 U.S. 141, 147 (1973); People v. Watts, 57 N.Y.2d 299-300 (1982); People v. Moscato, 251 A.D. 2d 352, 353 (2 Dept. 1998); see also New York EPTL 11-1.1(b)(13) and (22).

[22] See AP-509-511 (Exhibit 51); AP-512-513 (Exhibit 52); AP-514-516 (Exhibit 53); see also AP-452-453, 462-463; AP-627-628 (Trial Record at 558-559); AP-661-662 (Trial Record at 632-633); see also Crane v. Kentucky, 476 U.S. 683, 690 (1986); In re Oliver, 333 U.S.257, 273 (1948); Washington v. Texas, 388 U.S. 14, 19 (1967); Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Kentucky v. Stincer, 482 U.S. 730, 736 (1987); Davis v. Alaska, 415 U.S.308, 315-318 (1974); Delaware v. Van Arsdall, 475 U.S.673, 679-680, 684 (1986).

[23] Id.

to advance their case.[24] The People continue to withhold material information they were obligated to furnish the accused in continuation of their regular unconstitutional disclosure practices.

Stephen Mitchell also summoned the federal constitution in order to seek relief from the state prosecutors' deliberate efforts to withhold exculpatory information in order to render a material witness unavailable to the defense. The People deliberately withheld information regarding the onset of dementia of a material witness, Minnie Simmons, so that the accused could not resource memories she had that would have been favorable to the defense during the trial.[25]

Mr. Mitchell also complained that the state prosecutors deliberately made use of an affidavit they knew was a fraud in order to obtain the indictment. Minnie Simmons, as the executor of the estate, was a necessary witness in order for the People to establish the alleged lack of permission or authority for Mr. Mitchell to acquire and make use of the property of the estate. She testified that an affidavit, purportedly from her that was submitted to the grand jurors in support of the prosecution's

---

[24] See AP-121-126, 133-136, 139-146, 151-157, 166, 183, 184, 190, 191, 192, 193, 195, 199, 200, 201, 202, 205-240, 246-330, 331-336, 337-442, 443-446, 447-508, 509-513, 514-522, 538-542, 547-548, 558-564, 565-569, 570-573.

[25] See AP-121-126, 133-136, 589, 590, 591, 599, 600, 601, 612; see also United States v. Lovasco, 431 U.S. 783, 788-795 (1977); United States v. Marion, 404 U.S. 307, 320, 324 (1971); Arizona v. Youngblood, 488 U.S. 51, 56- 58 (1988); Brady v. Maryland, 373 U.S. 83, 87 (1963); Crane v. Kentucky, 476 U.S. 683, 690 (1986).

contention that Stephen Mitchell lacked authority to acquire and make use of estate funds, was inauthentic.[26]

Minnie Simmons swore during a pre-trial conditional examination conducted pursuant to New York Criminal Procedure Law Article 660 that she did not sign the "lack of permission and authority" affidavit submitted to the grand jury for consideration.[27] Although the People insisted Minnie Simmons' testimony that she did not sign the affidavit was untruthful[28] the state prosecutors never moved to correct the testimony on the record in violation of the federal constitution.[29]

The federal district court complaint also challenged the constitutionality of the trial court's decision not to allow Mr. Mitchell to call an expert witness in his own defense to impeach material testimony offered by the state.

Mr. Mitchell sought to call a certified public accountant familiar with forensic accounting techniques to: (1) contest a material People's witness false claim that forensic accounting techniques were used to assess the appropriateness of expenditures he made; and (2) to demonstrate the People's evidence at trial failed to establish that Mr. Mitchell did not have permission or authority to use the estate's funds in the manner that he did.

---

[26] See AP-137-138; AP-193.
[27] See AP-137-138.
[28] See AP-193.
[29] See <u>Napue</u> at 269-272.

The trial court's refusal to allow a rebuttal expert witness denied the accused his rights in accord with the Sixth and Fourteenth Amendments to the United States Constitution.[30]

Any one of the claims in Mr. Mitchell's federal district court complaint might sustain the grant of a federal writ of habeas corpus that could have resulted in a federal court order vacating his conviction and directing that he be re-tried within a reasonable period of time.[31]

Mr. Mitchell argues that Congress sought to address the extraordinary levels of illegality and misconduct perpetrated against him by New York State officials and the Kings County prosecutors by means of the enforcement of 42 U.S.C. §1983 should 28 U.S.C. §2254 be deemed unavailable.[32] He asserts that he is entitled to an order vacating his conviction and directing that he be re-tried within a reasonable period of time; the same relief he would be entitled pursuant to the grant of federal habeas corpus relief.  The reason he is so entitled is because this circuit court has recognized the United States Supreme Court has determined

---

[30] Kyles v. Whitley, 514 U.S. 419, 446-447 (1995); Delaware v. Van Arsdall, 475 U.S. 673, 679-680, 684 (1986); Crane v. Kentucky, 476 U.S. 683, 690 (1986); In re Oliver, 333 U.S. 257, 273 (1948); Pointer v. Texas, 380 U.S. 400, 403-408 (1965); Chambers v. Mississippi, 410 U.S. 284, 294, 302-303 (1973); Davis v. Alaska, 415 U.S. 308, 315-318 (1974); Howard v. Walker, 406 F.3d 114, 131-135 (2d Cir. 2005).

[31] See Fuentes v. Griffin, 829 F.3d 233, 253 (2d Cir. 2016); see also Jenkins v. Artuz, 294 F.3d 284, 290, 297 (2d Cir. 2002).

[32] Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001); see also Jenkins v. Haubert, 179 F.3d 19, 26-27 (2d Cir. 1999); see also Teichmann v. New York, 769 F.3d 821, 828-830 (2d Cir. 2014) (Calabresi concurring).

when federal habeas corpus is not available to address constitutional wrongs, 42 U.S.C. §1983 must be.[33]

Mr. Mitchell also contends the district court erred by dismissing the entire complaint prematurely. The district court denied Mr. Mitchell's request to amend his complaint to include the Kings County District Attorney in his official capacity and his office as defendants.[34]

In the alternative Stephen Mitchell asks this court to restore his complaint and allow him to amend it to include the Kings County District Attorney in his official capacity and his office as defendants. Mr. Mitchell will seek to invoke remedies available to him pursuant to 42 U.S.C. §1983 that will enable him to enjoin Kings County District Attorney Gonzalez in his official capacity and the Kings County District Attorney's Office from continuing to violate the federal constitutional rights of Stephen Mitchell by the deliberate and enduring use of known false material testimony.

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing Mr. Mitchell's case. The United States Supreme Court and this circuit court have acknowledged that when federal habeas corpus relief is unavailable 42 U.S.C. §1983

---

[33] Id.
[34] See AP-12.

must be in order to redress substantial federal constitutional harms that have befallen upon those convicted of crimes in state court.[35]

Mr. Mitchell should not be denied the opportunity to have his conviction vacated and a new trial because he was fortunate enough to be released from state custody before exhausting the state court remedies required for federal habeas corpus relief. Most of the constitutional harms inflicted upon Mr. Mitchell have the same impact on his life regardless of whether they are remediated pursuant to 28 U.S.C. §2254 or 42 U.S.C. §1983. 42 U.S.C. §1983 is broad enough to equate the remedial offerings of 28 U.S.C. §2254. The remedies available to Mr. Mitchell, as a plaintiff seeking relief similar to a federal habeas corpus petitioner, should include the vacating of his conviction and, if appropriate, an order for a new trial.[36]

Mr. Mitchell also is entitled to declaratory and injunctive relief as a corrective measure to redress the state prosecutors enduring misconduct by the continued use of false material testimony by Justice Michael Pesce.[37]

## ARGUMENT

Stephen Mitchell has brought this case pursuant to 42 U.S.C. §1983 because federal habeas corpus pursuant to 28 U.S.C. §2254 is unavailable

---

[35]See Huang at 75; Jenkins at 26-27; Teichmann at 828-830.
[36] See Fuentes v. Griffin, 829 F.3d 233, 253 (2d Cir. 2016); see also Jenkins v. Artuz, 294 F.3d 284, 290, 297 (2d Cir. 2002).
[37] Napue at 269-272.

to him. In order for a federal court to have jurisdiction over a federal habeas petition, the petitioner must be in custody pursuant to the judgment of a state court at the time the petition is filed.[38] A prospective federal habeas petitioner is considered in state custody when he is placed on state parole.[39] Federal habeas corpus pursuant to 28 U.S.C. §2254 is unavailable to Mr. Mitchell because he was released from state parole on June 17, 2020 before he had the opportunity to exhaust the state court remedies that would have allowed him to comply with the pre-requisites for federal habeas corpus relief pursuant to 28 U.S.C. §2254.[40]

Congress, through 28 U.S.C. §2254(a), expressly empowered the United States Supreme Court and the federal district and circuit courts with appellate review to provide federal habeas petitioners a federal forum to obtain relief from erroneous state court decisions that implicate the federal constitution.[41]

This circuit court, relying upon the opinions of a majority of the Justices of United States Supreme Court, has determined where federal habeas corpus is not available to address constitutional wrongs, 42 U.S.C. §1983 must be.[42] This means that the United States Supreme Court has recognized Congress has granted the federal district court

---

[38] 28 U.S.C. §2254(a); see also Vega v. Schneiderman, 861 F.3d 72, 74 (2d Cir. 2017).
[39] Maleng v. Cook, 490 U.S. 488, 491 (1989).
[40] 28 U.S.C. §2254(b)(1)(A).
[41] 28 U.S.C. §2254(a); see also Prieser v. Rodriguez, 411 U.S. 475, 489-492 (1973).
[42] Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001); see also Jenkins v. Haubert, 179 F.3d 19, 26-27 (2d Cir. 1999); see also Teichmann v. New York, 769 F.3d 821, 828-830 (2d Cir. 2014) (Calabresi concurring).

appellate jurisdictional authority to hear 42 U.S.C. §1983 cases brought in lieu of federal habeas cases because federal habeas corpus pursuant to 28 U.S.C. §2254 is unavailable.

The United States Supreme Court in <u>Heck</u> and <u>Spencer</u>, and this circuit court in <u>Jenkins</u>, <u>Huang</u>, and <u>Teichmann</u>, recognize that in circumstances where federal habeas relief is unavailable to the accused pursuant to 28 U.S.C. §2254 because they no longer are in state custody Congress has afforded these persons 42 U.S.C. §1983 as a vehicle to redress substantial federal constitutional harms.[43] The remedies Mr. Mitchell seeks fit within the broad reach of 42 U.S.C. §1983. The law allows him to use this statute in order to seek appropriate relief, akin to the relief available to federal habeas petitioners, from a conviction violative of the federal constitution.[44]

The allegations in the complaint must be considered true for the purposes of this appeal.[45] The complaint authenticates some of the most serious violations of federal constitutional rights that could occur during a criminal prosecution with exhibits that were attached to the complaint.

For example, Mr. Mitchell establishes that a state court judge knowingly testified falsely for the state during the trial and that the

---

[43]See <u>Spencer v. Kemna</u>, 523 U.S. 1, 20-21 (1998) (Soutar concurring); see also <u>Heck v. Humphrey</u>, 512 U.S. 477, 500-503 (1994) (Soutar concurring); see also <u>Huang</u> at 75; <u>Jenkins</u> at 26-27; <u>Teichmann</u> at 828-830.

[44] <u>Spencer</u> at 21 (Ginsburg concurring); see also <u>Heck</u> at 500-503.

[45] <u>Tiraco v. NewYork State Bd. of Elections</u>, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (citing <u>J.S. ex rel. N.S. v. Attica Cent. Sch.</u>, 386 F.3d 107, 110 (2d Cir.2004)).

prosecutors were aware of his false material testimony, refused to correct it, and have continued to allow the false material testimony to stand uncorrected to this day.[46]

The trial court also was aware of the false material testimony proffered by his colleague, Justice Pesce, during the trial. The court responded by refusing to allow the defense the opportunity to cross-examine the judge during the trial with the judge's own written order to demonstrate his mendacity.[47] The trial court also refused properly to instruct the jury with law that would have, in effect, impeached Judge Pesce's testimony.[48] It is difficult to image more serious violations of the federal constitution than Judge Pesce's mendacity and the trial court's encouragement of it.

---

[46] Compare AP-103-107 (Exhibit 4) with AP-652 (Trial Record at 611); AP-700-701 (Trial Record at 1115-1116); see also New York Estates, Powers, and Trust Law §11-1.1(b)(13) and (22); Matter of Frank, 283 N.Y. 106, 110 (1940); Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999); Matter of Glener, 202 A.D.2d 503, 504 (2 Dept.1994); In the Matter of Charles Brown, Index No. 107103-99 at 2 (Kings County Supreme Court Feb.24, 2010) (Pesce, J.).

[47] See AP-103-107 (Exhibit 4); AP-652 (Trial Record at 611); AP-593-594 (Trial Record at 184-185); AP-619-620 (Trial Record at 340-341); AP-694-698 (Trial Record at 1007-1011); AP-699 (Trial Record at 1148); see also Davis v. Alaska, 415 U.S.308, 315-318 (1974); Delaware v. Van Arsdall, 475 U.S. 673, 679-680,684 (1986); Crane v. Kentucky, 476 U.S.683, 690 (1986); Pointer v. Texas, 380 U.S.400, 403-408 (1965); People v. Mitchell, 188 A.D.3d 1101, 1102 (2 Dept. 2020); Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999);.

[48] See AP-517-522; AP-593-594; AP-619-620; AP-694-697; AP-699 (Trial Record at 184-185, 340-341, 1007-1010, 1148); see also New York Criminal Procedure Law §300.10(2); Cupp v. Naughten, 414 U.S. 141, 147 (1973); People v. Watts, 57 N.Y.2d 299-300 (1982); see also New York EPTL §11-1.1(b)(13) and (22); Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999).

Further, without reason or just cause the state appellate court ignored and refused to address the aforesaid egregious violations of the appellant's Sixth and Fourteenth Amendment rights.[49]

The purpose of 42 U.S.C. §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.[50]

In Mitchum the United States Supreme Court discussed the reasons for the enactment of 42 U.S.C. §1983: "[p]roponents of the legislation noted that state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in a league with those who were bent upon abrogation of federally protected rights."[51]

The Mitchum court determined that the legislative purpose of 42 U.S.C. §1983 was "to interpose the federal courts between the States and the People, as guardians of the People's federal rights -- to protect the People from unconstitutional action under the color of state law whether that action be executive, legislative, or judicial."[52]

---

[49] See Napue v. Illinois, 360 U.S. 264, 269-272 (1959); Davis v. Alaska, 415 U.S.308, 315-318 (1974); Delaware v. Van Arsdall, 475 U.S. 673, 679-680,684 (1986); Crane v. Kentucky, 476 U.S.683, 690 (1986); Pointer v. Texas, 380 U.S.400, 403-408 (1965); see also People v. Mitchell, 188 A.D.2d 1101, 1102 (2 Dept. 2020).
[50] Wyatt v. Cole, 504 U.S. 158, 161 (1992).
[51] Mitchum v. Foster, 407 U.S. 225, 240 (1972).
[52] Id. at 242; quoting Ex parte Virginia, 100 U.S. 339, 346 (1880).

The United States Supreme Court has determined that the remedial powers of 42 U.S.C. §1983 are to be construed generously to fulfill its primary purpose.[53] The <u>Monell</u> court cites the legislative history of 42 U.S.C. §1983 to resolve that the statute was "intended to give a broad remedy for all forms of official violations of federally protected civil rights."[54]

In <u>Heck</u> Justice Soutar called upon the legislative history of 42 U.S.C. §1983 to explain the congressional intent that underlies the statute's broad remedial powers: "'the Federal Government has a right to set aside . . . action of the State authorities" that deprives a person of his Fourteenth amendment rights."[55]

It appears the state courts were "in league with those who were bent upon abrogation of federally protected rights" of Mr. Mitchell. As discussed above, a state court judge testified falsely regarding a central issue of the case during trial and although the court and the prosecutors were aware of his false material testimony they, as state actors, worked to protect the false witness and his lie instead of exposing and correcting the misconduct. The appellate court completely ignored these issues and, although obligated by the federal constitution, did nothing to address them.[56]

---

[53] <u>Gomez v. Toledo</u>, 446 U.S. 635, 638-639 (1980).
[54] See <u>Monell v. Dept of Social Services</u>, 436 U.S. 658, 685, 700-701 (1978).
[55] <u>Heck v. Humphrey</u>, 512 U.S. 477, 502 (1994).
[56] <u>Napue v. Illinois</u>, 360 U.S. 264, 269-272 (1959); <u>Leka v. Portuondo</u>, 257 F.2d 89, 99-103 (2d Cir. 2001).

The legislative history of 42 U.S.C. §1983 makes it clear that it was not the intent of Congress to allow the aforesaid types of egregious violations of the fundamental federal constitutional rights of the accused to occur without an opportunity for the accused to obtain appropriate redress.

This is why Justice Soutar has recognized that Congress has afforded Mr. Mitchell, because he was ineligible for federal habeas relief, the opportunity to seek through 42 U.S.C. §1983 the same type of relief that he would have received if he could have brought a federal habeas corpus petition pursuant to 28 U.S.C. §2254.[57]

The district court was wrong to fail to recognize the broad remedial powers Congress has afforded through 42 U.S.C. §1983 in a circumstance when federal habeas relief pursuant to 28 U.S.C. §2254 would be unavailable. Where federal habeas corpus is not available to address constitutional wrongs pursuant to 28 U.S.C. §2254, 42 U.S.C. §1983 must be.[58]

The appellant, for this case, is not seeking money damages. He is seeking an order from a federal court that vacates his conviction and, if appropriate, directs the state to afford him a new trial within a short but reasonable period of time after the issuance of the federal court order

---

[57] Heck at 503 (Justice Soutar wrote: "I would not cast doubt on the ability of an individual unaffected by the habeas statute to take advantage of the broad reach of 42 U.S.C. §1983").
[58] Jenkins at 26.

vacating his conviction.[59] The federal circuit court should order the lower court to allow him to seek to obtain this type of relief.

Mr. Mitchell has standing to bring his 42 U.S.C. §1983 claim in the federal district court. He relies upon the United States Supreme Court and the federal circuit court decisions in <u>Spencer</u>, <u>Heck</u>, <u>Huang</u>, <u>Jenkins</u>, and <u>Teichmann</u> that assert 42 U.S.C. §1983 must be available if 28 U.S.C. §2254 is unavailable for him given he no longer is in state custody.[60]

Mr. Mitchell designated the Attorney General of the State of New York in her official capacity as a respondent not because she had any direct involvement with the facts and circumstances of the case but because of Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts. This rule designates the Attorney General of the state involved as a respondent.[61] The Attorney General is empowered to assign an appropriate state agency to respond to the complaint.[62]

The district court complaint in this case serves as a habeas corpus petition, albeit one that applies to a person seeking habeas relief who no longer is in state custody. Congress, by implementing Rule 1(b) of the

---

[59] See <u>Fuentes v. Griffin</u>, 829 F.3d 233, 253 (2d Cir. 2016); see also <u>Jenkins v. Artuz</u>, 294 F.3d 284, 290, 297 (2d Cir. 2002).
[60] See <u>Spencer v. Kemna</u>, 523 U.S. 1, 20-21 (1998) (Soutar concurring); see also <u>Heck v. Humphrey</u>, 512 U.S. 477, 500-503 (1994) (Soutar concurring); see also <u>Huang</u> at 75; <u>Jenkins</u> at 26-27; <u>Teichmann</u> at 828-830.

[61] See Rule 4 of the Rules Governing Section 2254 In The United States District Courts.
[62] <u>Redner v. Dean</u>, 29 F.3d 1495, 1503 (11th Cir. 1994).

District Attorney.   Mr. Mitchell has the right to seek injunctive relief with respect to Mr. Gonzalez in his capacity as the Kings County District Attorney and the Office of the Kings County District Attorney under the Ex Parte Young exception.[65]

State prosecutors have an obligation pursuant to the Fourteenth Amendment to the United States Constitution and the ethical obligations of their office to correct known false material testimony and seek to remediate the effects of perjury during post-conviction proceedings.[66]

In this case the People continue the false claims of jurisdictional authority made by Justice Pesce to this day.[67] Their refusal to correct this false material testimony continues to violate the federal constitution by interfering with the ability of Mr. Mitchell to seek and obtain the post-conviction relief he is entitled.[68] Younger affords Mr. Mitchell the opportunity to seek injunctive relief from Mr. Gonzalez in his capacity as the Kings County District Attorney and the Office of the Kings County District Attorney to enjoin their enduring use of the false representations of jurisdictional authority proffered by Justice Pesce and their continuing violation of Mr. Mitchell's Fourteenth Amendment rights.[69]

---

[65] Ex Parte Young, 209 U.S. 123, 154 (1908).
[66] See Napue at 269-272; see also Imbler v. Pachtman, 424 U.S. 409, 427 n.25 (1976); see also Jenkins v. Artuz, 294 F.3d 284, 296 n.2 (2d Cir. 2002); Houston v. Partee, 978 F.2d 362, 368 (7th Cir. 1992).
[67] Compare AP-103-107 (Exhibit 4) with AP-652 (Trial Record at 611); AP-700-701 (Trial Record at 1115-1116); see also New York Estates, Powers, and Trust Law §11-1.1(b)(13) and (22);  Matter of Frank, 283 N.Y. 106, 110 (1940); Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999).

[68] See Napue at 269-272; see also Imbler at 424-428; Houston at 368-369.
[69] See Avitabile v. Beach, 277 F.Supp 326, 332 (NDNY 2017).

The district court erred by not giving Mr. Mitchell the opportunity to amend his complaint to seek injunctive relief from Mr. Gonzalez in his capacity as the Kings County District Attorney and the Office of the Kings County District Attorney. Mr. Mitchell provided more than sufficient evidentiary support for the claim for injunctive relief as a part of his complaint.[70]

## CONCLUSION

For all the aforesaid reasons Mr. Mitchell asks this court to reverse the district court's decision in its entirety.

Dated: July 21, 2023

Stephen T. Mitchell

*Pro Se*

---

[70] Compare AP-103-107 (Exhibit 4) with AP-652 (Trial Record at 611); AP-700-701 (Trial Record at 1115-1116); see also New York Estates, Powers, and Trust Law §11-1.1(b)(13) and (22); Matter of Frank, 283 N.Y. 106, 110 (1940); Vellozzi v. Brady, 267 A.D.2d 695 (3 Dept. 1999).

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

STEPHEN T. MITCHELL

Plaintiff-Appellant,

-AGAINST-

THE STATE OF NEW YORK,

Defendants-Respondents.

Affidavit of Service

Docket: 23-705

I, Stephen T. Mitchell, under the penalties of perjury pursuant to 28 U.S.C. §1746, do hereby affirm that I served a copy of a brief, two volumes of an appendix, and one special appendix for this matter by mailing copies of the aforesaid materials via the United States Postal Service to the following individuals and entities on July 24, 2023:

David Lawrence III
Assistant Solicitor General
Office of the Attorney General
28 Liberty Street, 23rd Floor
New York, NY 10005

Dated: July 24, 2023

Stephen T. Mitchell